We will hear argument next, in case 19-546, Brownback v. King. Mr. Houston? Mr. Chief Justice, and may it please the Court, the text of the FTCA judgment bar resolves this case. The District Court entered the judgment in an action under Section 1346B, so that judgment constitutes a complete bar to any action by a respondent against the federal employees involved in his FTCA claim. That broad text unambiguously precludes Respondent Bivens' action here, which asserts the same injuries based on the very same subject matter. The Sixth Circuit's refusal to apply the judgment bar in this case rested on two propositions. First, that when the United States prevails in an FTCA action, the District Court must necessarily dismiss for lack of subject matter jurisdiction. And second, that such a jurisdictional dismissal does not trigger the judgment bar. Both propositions are wrong. This Court rejected the Sixth Circuit's jurisdictional analysis in FDIC v. Meyer. But even more important for present purposes, this Court in Simmons v. Himmelreich squarely rejected the Sixth Circuit's conclusion that the judgment bar never applies to an FTCA judgment for the government. The Court held, instead, that the judgment bar does apply, where a plaintiff simply fails to prove his claim. And that conclusion follows directly from the text of Section 2676, which makes, quote, the judgment in an FTCA action preclusive without drawing any distinction based on which side prevails. Respondent now concedes that the Sixth Circuit's reasoning cannot be reconciled with Simmons. So he shifts to an alternative argument. He says he should be able to bring an FTCA action and an individual action together without the judgment bar coming into play. But the statutory text directly refutes that argument, too. Whereas common law res judicata made a judgment preclusive, quote, in a subsequent action, Congress in the judgment bar expressly departed from that rule and prohibited any individual action following an FTCA judgment. That's because Congress wrote the judgment bar to prevent duplicative litigation against the government's employees. And that objective does not depend on whether the plaintiff's individual action is brought with the same case number or a different one. The judgment below should be reversed. Mr. Houston, I want to ask you about your last point. As you read the statute, the disposition of an FTCA claim bars Bivens' claims against the employee. But, of course, the statute speaks of actions, not claims. And it was and is very well established that there's no bar with respect to claims in the same action. If Congress were going to make such a dramatic departure from that rule, the obvious word to use is right there. It's claims. And yet they didn't do that. If I might make two points about that, Your Honor. The first is that, as I just said, you're right that the common law rule was that a judgment in a subsequent action is preclusive. But I think you can see that Congress made exactly the type of express departure from the common law that Your Honor mentioned because it deleted the word subsequent, which you will find in the first restatement, in this court's cases, over and over again. Congress removed the word subsequent action and replaced it with a complete bar to any action. I don't know that that's the clearest way they could go about it. The clearest way to go about it would say claim. It would be a complete bar to any claim that is raised as opposed to any subsequent action. That's where the real departure is, and it seems to me that that's a much more direct way to eliminate any confusion than simply deleting the subsequent that appeared in some cases. Your Honor, in 1946, as we explained in our reply brief at page 8, the definition of the term action was a demand for relief in court. And I think you can see that Section 2676 uses the term action to be essentially synonymous with claim because it refers to an action under Section 1346B. And so it's clearly tying the word action to specific causes of action. But again, I think if you put the common law, the classic canonical formulation of res judicata side by side with this statute, the key difference you see is the deletion of the word subsequent and the replacement with the word any. So I think it's not surprising that Congress would refer to preclusion of an action because that's traditional common law res judicata. What the difference was was that they eliminated the requirement that preclusion would occur only in a subsequent action and made it a complete bar to any action. And that, of course, accords directly with Congress's purpose because from the standpoint of preventing duplicative litigation against the federal employees, it makes absolutely no difference whether the duplicative individual action is filed together in the same lawsuit with the FTCA action or separately. Thank you, counsel. Justice Thomas. Thank you, Mr. Chief Justice. Mr. Houston, I'd like to pick up on your last point. Now, in this case, the respondent filed the Bivens action together with the FTCA action. And though the argument seems to have just disappeared and then reappeared here, the petition respondent now argues that if he loses on the FTCA claim, that he has the alternative argument that since these were filed together, the outcome should be different from a case in which they were filed separately or sequentially. What would be your argument there? First, can he even make that argument now, too, if he can? Would you elaborate more on your response to that? Absolutely, Justice Thomas. To your first question, I think it's clear that the respondent did not develop this argument in anything like the way that he did in his brief below, whether he waived it or not. We haven't taken a position on that. He gestured at the idea that this litigation wasn't duplicative because he only filed one lawsuit. But certainly this is largely an argument that's been developed in his brief in this court. To your question about why, I think the text makes it clear that that's not allowed. In addition to the point I was just making to the Chief Justice about the way in which Congress expressly departed from the common law by changing the formulation, I think the implications of respondent's position are striking, and the reason why every single court of appeals has rejected respondent's argument in the 70 years since the judgment bar was enacted is that his argument would permit him actually to litigate under the FTCA and prevail to win a judgment against the United States and then seek additional damages against the government's employees, for example, punitive damages, just because he brought the actions together in the same lawsuit. But we know from this court's decision in Gilman that that result is precisely what Congress created the judgment bar to avoid, and that's because the policy of the judgment bar is one of repose. Congress found that lawsuits against the government's employees are extremely burdensome, and it wanted to limit them without precluding them entirely by saying that if a plaintiff chooses to take advantage of the FTCA cause of action, then the judgment in that action will bring repose to the entire controversy. On the point of what judgment, what sort of judgment in an action is included, would a judgment that is still appealable also have the same preclusive effect? Yes, Your Honor. I think the definition of judgment in Section 26 is the same as the definition of the word judgment in the Federal Rules of Civil Procedure. It is the order of a district court that is appealable. Now, of course, that means that if a plaintiff succeeds in appealing an FTCA judgment and gets it vacated by a court of appeals, at that point there no longer is a judgment in an action under Section 1346B, and therefore the judgment bar would no longer apply. But while the judgment entered by the district court is in force, and of course in this case that judgment is final, that judgment by the plaintiff is a complete bar to any individual action against the federal employees. Thank you. Justice Breyer. Thank you. Can you tell me if I have this basically right? Courts of appeals get lots of appeals from district courts, and I thought a judgment is a piece of paper normally that the district judge files at the end of a lawsuit, and it says judgment, and it tells you how the lawsuit turned out, who won, and perhaps on what grounds. And here the judgment in an action under 1346B shall constitute a complete bar, but normally if you have four different claims in the lawsuit, the judgment doesn't come in until the whole thing is over. You might preliminarily decide or you decide the judge says he's going to lose on this claim, he's going to lose on this claim, maybe he'll win on this claim, and at the very end of the thing we have a judgment. Isn't that how it works? Yes, Your Honor. I think that description of the word judgment is right, but that is exactly the judgment that the district court entered here, and you can see that at Petition Appendix 86A, the district court resolved all of the claims in the case. The judgment shall constitute a bar to an action of the claimant by reason of the same subject matter, etc. But the judgment didn't appear until after he wanted to pursue his Bivens claim. There was no judgment to bar it because the judgment wasn't entered yet. Respectfully, I disagree, Your Honor. I think the judgment was entered by the district court when it resolved the dispositive motion. It resolved all of the claims in the case and it entered a judgment. That document, which is at Petition Appendix 86A, that is the thing that triggered the judgment bar, and the respondent left that judgment final. With respect, he left the judgment in the action under Section 1346B final by not appealing it. So the core rule of the judgment bar, when that judgment was entered, it precludes any further litigation at that point. I agree with that, but wasn't the judge wrong to enter a judgment before he decided the Bivens claim? Or did he decide the Bivens claim in the judgment? He decided the Bivens claim, Your Honor. Alright, he decided it. Okay, on what ground did he decide it? He decided it because there was a bar. But at that moment, there wasn't a bar because when he decided it, it was before he entered the judgment. And at this point, there was no judgment. No, respectfully, Your Honor, the district court's analysis had nothing whatsoever to do with the judgment bar. The district court adjudicated the substance of both the Bivens cause of action and the FPCA cause of action. It never said anything about the judgment bar. The judgment bar was triggered only after the district court entered judgment. And you can see this in the district court's opinion. I have enough to see that I have to sit down and figure this out word by word, which I'll do. Justice Alito? Assuming the principal argument now made by respondent wasn't forfeited, we have discretion whether to affirm on that alternative ground. And what would you say as to why we should not exercise that discretion? Because, Your Honor, this court has held repeatedly in interpreting the FPCA that the text means what it says. And in particular, the word any really does mean any. No exceptions. Those are the core lessons of the court's decisions in Simmons, in Hui, in Millbrook, in Ali, and in Smith. And so I think that all the court has to do is say that the language of this statute is intentionally and exceptionally broad. Congress imposed a complete bar to any individual action. And that precludes respondent from bringing a demand for relief under Bivens, regardless of whether it's pleaded separately from or together with the individual action. And that is an argument on the merits of that issue, isn't it? I'm asking the preliminary question. Why should we even get to that here? We grant it, sir, to decide a particular question, which has to do with the effect of a final judgment. Why should we not presume most of the time we answer the question on which we grant a review and not some other question? So that's my question. That's what I'm asking you. Why should we depart from our normal practice of just deciding the question presented and decide another question, which has been addressed by how many courts of appeals have addressed this issue? And what have they decided? Seven courts of appeals have addressed this argument, Your Honor. Every single one of them has rejected the argument that respondent now makes that he is entitled to litigate under the FTCA, prevail, and then continue suing the government's employees. So I think Your Honor is exactly right that the reason why you should not exercise discretion to consider this argument is because it simply doesn't warrant the court's review. The only court of appeals that has even come close to accepting respondent's argument is the Ninth Circuit. And the only way that it did that was by building in a rule that the judgment bar depends on which side wins. Let me try to ask one question about the question on which we did grant review. In your view, what is the dividing line between a claim that is not cognizable under 1346B1 and a claim that is cognizable yet fails on the merits? Well, Your Honor, I think the insight of this court's decision in FDIC v. Meyer is that a cognizable means the same thing as actionable. And a claim is actionable so long as the plaintiff alleges the elements of Section 1346B. And that makes sense because the question, as this court described in Meyer, the question whether the United States has waived sovereign immunity for a particular type of legal demand for relief is analytically distinct from the question whether the plaintiff can prevail on the merits or even whether he's stated a claim for relief under Federal Rule of Civil Procedure 8. Is it the same test as it would be under a federal question, in a federal question case? I think that that is a perfectly fine analogy, Your Honor. Of course, if a plaintiff pleaded in diversity that his demand for relief was worth more than $75,000, and then it turns out later that he actually has no claim at all at summary judgment, everyone understands that that is a dismissal on the merits of the claim that triggers res judicata, even though we now know at that point that the amount in controversy in the case is zero. Justice Sotomayor? Counsel, I am a little confused, and perhaps your adversary will unconfuse me. But I don't think every circuit has held that a same-suit claims of an FTCA and a Bivens claims means that you can't appeal them. I thought at least the Ninth Circuit has said so. All of the other circuits I agree with you have said that if you lose a FTCA claim, you can't file the separate claim. That's not the issue. It's the same claim. But your adversary can tell me what the circuit split is on that question. However, I am going to go back to what Justice Alito raised. You brought the cert petition. I believe that your adversary, I believe I know, in its response, not at length, but it did mention this as an alternative ground not to grant cert, that he could bring the two claims in the same action and not be precluded. And I think the same argument was raised below. Am I correct? Well, I certainly agree with Your Honor that the respondent raised the argument as an alternative ground in the brief in opposition. The argument, again, in the lower courts, in the Court of Appeals, the respondent did not develop this argument with anything like the argumentation that now appears in this court. You know something, counsel, that may or may not be true, but it's fully briefed here. It's an issue of law, isn't it? And you can defend a judgment on any legal ground, correct? Yes, Your Honor, and that's why we have fully briefed... Counsel, let me go on to where the Chief started. He said that the FTCA talks about a judgment in an action. In Section 2672 of the FTCA, it says explicitly, acceptance of an administrative settlement with the U.S. shall constitute a complete release of any claim against the United States and against the employee of the government. Seems to me that Congress knew how to say that there was a big difference between a release of a claim rather than a bar to an action. So, why should we accept your argument that they meant the same thing when they used different language in two different sections? Because, Your Honor, the definition of the term action in 1946 when Congress wrote the judgment bar is a demand for relief in court. And I think that if you just substitute that into the text, then the judgment in an action under Section 36... Counsel, I'm almost out of time, so let me just ask you one last question. As a matter of policy, why would Congress have wanted to go around the common law rule? It seems to me that then happenstance controls. This district court could have ruled the other way. It could have said the Bevin's claim, or I'm sorry, the Bevin's claims lacking Manning's. The Bevin's claim is good, but the FTCA claim is not. And you're still saying there's a bar, correct? Arguably, Your Honor. I mean, that would be consistent with one of Congress's purpose for the judgment bar to wrap everything up. Why does that make sense when Congress explicitly in the FTCA and in the Westfall Act saved the Bevin's claims? Because the purpose of the judgment bar, Your Honor, is repose. Congress wanted the judgment in the FTCA action to bring repose to the entire controversy. To your question specifically about Bevin's, I think this court addressed that issue directly in Wee. And just as it said there, the text of the judgment bar is certainly broad enough to preclude causes of action that are both known and unknown when Congress enacted it. Thank you, Counsel. Justice Kagan? Counsel, just a point of clarification first as to the extent of your argument. There are courts in the Seventh and the Tenth Circuit that have said that the judgment bar can undo even prior final judgments on Bevin's claims. So sort of retroactively undo a Bevin's judgment. Do you think that that's right? I think it's possible, Your Honor, because it would be consistent with the goal of the judgment bar to wrap the entire resolution of the claim into the judgment on the FTCA action. Now, I would also understand the contrary argument that when the judgment has been entered in the individual action, there is no more individual action for the judgment bar to preclude. It's of course not something that this court has to decide in this case because this is the quintessential example of an FTCA judgment on the merits and therefore it's the judgment in an action under Section 1346B. I guess I'm wondering whether your understanding of this provision makes it into something that the language suggests it's not. So if I understand your position correctly, you're really turning this into an election of remedies provision. In other words, that once somebody files an FTCA claim, then really they can't bring a Bevin's claim anymore. And the only way to bring a Bevin's claim is just to forego the FTCA claim. And that might make sense, you know, as a policy matter to turn this statute into such an election of remedies provision. But the statute doesn't read like that. I mean, Congress knows how to write a provision like that. Instead, this statute reads like a preclusion statute. And preclusion, as the Chief Justice began the argument by saying, always applies between suits and not within a single suit. Well, Your Honor, I really think that Your Honor has it exactly right that the purpose of this statute was to offer plaintiffs in respondent's position a choice. They could either stick with the traditional individual cause of action. They weren't foreclosed from that. But if they choose to take advantage of the FTCA cause of action, which, of course, opens the opportunity for the plaintiff to recover from the judgment fund, then that choice comes with consequences. And the critical consequence... I was suggesting, just to make myself clear, that's a perfectly sensible statute. I guess my question is, is it the statute that Congress wrote? The Congress wrote a statute. I mean, election of remedies statutes are easy to write. And this is not that. This is a preclusion statute, which has a different set of consequences. Yes, Your Honor, but the text of the judgment bar is unambiguous. The triggering event is the judgment in an action under Section 1346B. And then what comes next is an extremely broad preclusion provision, a complete bar to any action against the employees. I think the only fair way to read that provision is that Congress told plaintiffs that if they pursue an action under Section 1346B and it goes to judgment, then there can be no further litigation against the federal employees. And that's the same objective. Justice Gorsuch? Thank you. No questions. Justice Kavanaugh? Good morning, Mr. Houston. I just want to follow up on something Justice Alito raised and then Justice Sotomayor followed up on, which is this alternative argument being before us. We could decide it, but as the courts often said, we're a court of review, not a first view. And there are obviously important exceptions to that principle, but I'm not sure this case really cries out for us to depart from the general principle. So why don't we resolve the question presented as presented in the cert petition, I think was Justice Alito's question, and that's sufficient under the day and we can worry about the other issue when and if we need to address that. Justice Kavanaugh, I think that is exactly what the court should do. And the reason why that would be appropriate in this case is that the alternative argument raised by the respondent would not warrant this court's review. As I mentioned, every court of appeals has rejected respondents' position that the Ninth Circuit, as Justice Sotomayor pointed out, has adopted a slightly different rule, not shared by any other circuit, but that really is just a relic of before sentence because the Ninth Circuit's rule is that whether or not the judgment bar is triggered depends on who wins in the FTCA action. And Simmons was absolutely clear that that is not how the judgment bar works, which of course accords with the statutory text. So I really don't, I just, I think the court should not address the question. There's no need to because it's not cert worthy. We addressed it in our brief because it was raised and we wanted the court to have all the arguments, but I think that's a perfectly sensible way to resolve the case. If we do resolve that question, I'm going to reiterate questions asked by others now, but the key problem for you is it says any action, not any claims. Do you just want to summarize your best arguments in response to that? Thank you, Justice Kavanaugh. Yes. Again, the term action is defined in legal dictionaries in 1946 at the relevant time as a demand for relief in court. So I think if you substitute that phrase into the judgment bar, then the judgment in this FTCA action is a complete bar to any demand for relief by the plaintiff under Bivens. And that is just the plain text of that understanding means that there's no room for an exception for that, that would make preclusion applicable only in a subsequent action. And I just think it's particularly clear that Congress didn't want that subsequent action limitation because that was in every description of the common law and Congress changed that formulation expressly. Thank you. Justice Barrett. Counsel, I want to ask you a question about the question on which we granted cert. Did the government make a mistake in moving for dismissal under Rule 12B1 for lack of jurisdiction as opposed to for judgment on the pleadings? I know they also moved for summary judgment, but why even have the motion to dismiss for lack of jurisdiction in there? And I'll tell you the reason why I'm asking is it seems to me that 1346B gives district courts the jurisdiction to resolve civil actions against the government on the basis that's listed in the statute. And it seems to me that that means that the government is submitting as sovereign to the district court's resolution of those claims either way, whether they win or not. So it's different than, say, in Simmons where the district court does not have jurisdiction to resolve claims if they involve misconduct in the exercise of a discretionary function. So why did the government even treat this as a jurisdictional issue? Well, Your Honor, at the time in the Sixth Circuit, there was some precedent that suggested that the resolution of an FTCA claim on the merits would also trigger some jurisdictional implications. Now, we don't think that that's correct. In fact, as we explained in our brief, I think Meyer explained, and as Your Honor just explained exactly correctly, the text of Section 1346B refers to jurisdiction over civil actions on claims alleging the FTCA's element. And as Meyer further explained, that's analytically distinct from the question whether the plaintiff is entitled to reveal. But I think what critically matters for the case in this case is whether there was the judgment in an action under Section 1346B. And Meyer is perfectly clear that a claim is actionable under Section 1346B so long as the plaintiff alleges the element. And respondents certainly allege all the elements of the FTCA claim. You can see that in the complaint at J.A. 39 and 40. So there's no dispute about what the substance of the judgment was here. And as I think Justice Breyer helpfully explained for the First Circuit in Rhodes, what matters to preclusion is not the label that gets it, the jurisdictional label that gets attached to something. It's the substance. And SEMTEC and many of this Court's other cases are quite clear that where a district court, as here, adjudicated the substance of the FTCA cause of action, that is a merits determination that's preclusion. Before my time expires, let me just clarify something. So you agree that if, say, the plaintiff had not alleged all the elements and so the claim was dismissed without prejudice under 12B6, that wouldn't count as a judgment that would trigger the bar? Absolutely, Your Honor. A dismissal is not a judgment. Those things are not synonymous, as Justice Breyer explained. It is only the entry of judgment that triggers the judgment bar. And that's why the judgment bar was triggered in this case when the district court entered the final judgment at the end of the case. Respondent simply chose for his own reasons not to appeal that judgment. Thank you. A minute to wrap up. Mr. Houston? Thank you, Mr. Chief Justice. We've talked already about why our position is compelled by the statutory text and this Court's precedent. I want to emphasize for just a moment why it's fundamentally fair. The decision below would permit a plaintiff to bring a lawsuit against the United States, litigate it all the way through summary judgment, lose on the ground that the government's employees did not do what was alleged to them, and then turn around and pursue claims against the same employees using the same factual allegation. That result makes little sense, and it is directly at odds with Congress's objective for the judgment bar, which was to prevent duplicative litigation against the government's employees after an FTCA judgment. Congress's rule in the judgment bar was straightforward. If a plaintiff chooses to litigate an action under Section 1346B, then the judgment in that action will bring repose to the entire controversy. Respondent had a fair chance to obtain damages for his alleged injuries. He didn't recover for the simple reason that he didn't prove his case, and the judgment bar does not allow him to start the case over again against the officers. Thank you. Thank you, Mr. Houston. Mr. Giacomo? Mr. Chief Justice, and may it please the Court, through the text of the FTCA, Congress provides two independent and easily administrable rules that control the application of the judgment bar. First, the judgment bar does not apply to claims brought together in a single action. As Will and Simmons explained, the text of Section 2676 imports common law res judicata. In the history of American law, res judicata has never been applied to claims brought together in a single action. Section 2676's requirement of the judgment in an action, not a judgment on a claim, demonstrates that Congress did not intend the judgment bar to depart from that common law history. Second, the judgment bar does not apply to claims dismissed for lack of jurisdiction. Because Section 1346 restricts FTCA jurisdiction to actions on claims that satisfy six elements, the dismissal of an FTCA claim under Rule 12b-6 does not trigger the judgment bar. As Meyer explained, a claim does not come within the FTCA's jurisdiction unless a plaintiff has alleged facts sufficient to state a cause of action under the statute. Thus, a court's holding that a plaintiff has failed to state a claim under the FTCA is not the judgment in an action under Section 1346. It is a holding that the court lacks jurisdiction to enter such a judgment. Both the same claims rule and the jurisdictional rule honor the language Congress enacted in the FTCA. Both present simple, predictable standards that courts and parties can follow, and neither result in duplicative litigation. Under either rule, the judgment bar does not apply to this case. This court should affirm the decision below and allow King to pursue his meritorious constitutional claims in this action, which is the one and only lawsuit King has ever filed. I welcome this court's questions. Mr. Giacomo, your theory really would combine the merits and jurisdiction, not just in a case like this, but in every case. I mean, if you think you have a claim under a federal question statute, if it turns out you don't, then you would say, okay, well, then there wasn't jurisdiction because I didn't satisfy the elements of the statute that gave rise to a federal question. We've, I think, long held that in a case like this one, where if you make a determination under the merits, there isn't the established jurisdiction against the United States, that they're treated the same. In other words, whatever you lose, you don't lose because the court had, under your theory, would have had no jurisdiction. That doesn't seem to make much sense. Yes, Mr. Chief Justice. That's not the extent of our position. We actually offer three different ways the court can view jurisdiction. I'll first state that the reason that it's so complicated is that through Section 1346, as the government agrees, Congress simultaneously waives its sovereign immunity, sets jurisdiction, and provides the elements for a cause of action. The most narrow way this court could look at that is to look at a case like this and simply say, the district court itself entered a judgment under 12b1. Therefore, it concluded, pursuant to Rule 12H3, that it lacked jurisdiction of the subject matter. The middle ground position is the position from Meyer, which is that to trigger the jurisdiction of Section 1346, a claim has to allege a valid cause of action, which is also consistent with this court's dealing with the sovereign immunity statute in Helmerick and Payne. Only in the very broadest understanding, which is brought in through the Arbaugh decision, do any of the concerns that you have raised come to light. This court could easily dispose of this jurisdictional question without reaching that furthest ruling, but I'm happy to discuss it further if Your Honor would like to do so. Well, I guess I don't really understand. I think under your view, a favorable decision for the government would never satisfy the elements of the judgment bar because of the lack of jurisdiction. What am I missing in that? Yes, Your Honor. No, that's only if this court adopts the Arbaugh standard. We offer two other more restrictive understandings. So, only under Arbaugh would that be the case. If this court decides that jurisdiction attaches after a claim passes beyond Rule 12b6, or if this court decides that jurisdiction has to be decided at Rule 12b1, either way, a decision favorable or not for the government would trigger the judgment bar. Thank you, Counsel. Justice Thomas? Thank you, Mr. Chief Justice. Counsel, why should we even consider your argument that the judgment bar doesn't apply when the claims are brought together? For several reasons, Your Honor. The first is that that's what the language of the statute requires. But the second is that that question is embedded in the question presented that the government brought to this court, and I'll quote the relevant language. It says, the question presented is whether a final judgment in an action bars a claim. And that necessarily requires this court to consider how that claim is presented. And finally, this is not an issue that has just come up now. The first argument we made in the Sixth Circuit was that the reason the judgment bar shouldn't be applied to this case is because there's no chance of duplicative litigation when claims are brought together in the same action. And as the government has conceded, this is also a point that we made in our brief in opposition to cert when that was filed. Well, I have one unrelated question, brief question. Should it matter in deciding this case that Bivens didn't exist at the time the judgment bar was enacted? No, Your Honor. I don't think that that has an impact on the outcome of this case, simply because, as we explained in our briefing, since the judgment bar incorporates res judicata, the controlling issue is that King brought all of his claims in a single action. So the subject matter for the action is not an issue here, since the Bivens claim and the FTCA claim are brought in the same lawsuit. Thank you. Justice Breyer? Well, if we did reach this other question, what would you say to what your opposing colleague said? Look, he said, if you read 1346B1, it says the judgment in any action shall constitute a complete bar. Now, to any government claimant against the employee of the government. That's the point of this statute. You go sue the United States, don't sue the employee. But if you're right, what you could do as a plaintiff is you sue under the statute against the government, you win, and then you go sue against the employee. The very thing that the statute was passed to stop. No, Your Honor. Our position, even under the broadest understanding of jurisdiction, is that if you bring separate actions, and one of them is against the United States, and that concludes… No, you bring the same action. What you do is you have a couple of defendants. Well, in that case, Your Honor, this would simply be a matter of applying res judicata through the judgment bar, which presents exactly that same scenario, where you could sue, for example, an employer and an employee in the same lawsuit. And the disposition of one claim or another wouldn't necessarily foreclose your claim against… Well, that's my problem. The disposition of one against the other. So you win against the employer, the government, and then you go sue the employee. Well, I think if there was one thing this statute was passed to stop, it was that. It was that the United States should take the liability, and the employee wouldn't. Well, Your Honor, that's… Am I wrong about that? No, but the hypothetical you propose is that the claims are brought together in the same action, so there is no separate going and suing the employee. There's only one lawsuit… Look, take my point. I'm not interested in exactly how you do it. But if you can get claim one, we sue the government. Give us some money. Claim two, employee, you're involved in this lawsuit too. Give us some money. Okay. Now, that's what I'm worried that your argument here would lead to. And from what you've said so far, you say that's just what it would lead to, and that's a good thing. No, Your Honor. There's no chance, for example, you could get a duplicative recovery. No, not duplicative. He said extra damages, for example. Oh, okay. Yes, so this comes down to the fact that as the Westfall Act and this court's decisions in Carlson and Wilkie v. Robbins and Correction Corporation v. Molesto indicate that Bivens and the FTCA provide parallel complementary remedies, so it was exactly what Congress intended. Okay. Then your answer is he's right. You could do this, and you're saying Congress did not want to stop all the recoveries against the employee. Yes, absolutely. Okay. That's your answer. Thank you very much. Justice Alito? If a district court rejects a claim under the FTCA for failure of proof, does the judgment bar apply to that, or is that a jurisdictional determination? It wouldn't apply in any case if the claims are brought together in the same action, but if they were brought separately… Well, that wasn't my question. How about if you answer the question I actually asked? If they were brought separately, Your Honor, the case would have to pursue beyond trial, which is the line that's drawn by Rule 12H2. The case would have to proceed beyond trial? What does that mean? It's the standard where a party can no longer raise a 12B6 defense. Rule 12H2 says you can raise that defense up to and at trial, but not beyond it. Why is 12B6 the dividing line? Because the language of Section 1346 confers jurisdiction only when there are claims that satisfy the elements of the FTCA. Why are the elements of the FTCA not satisfied up to 12B6, but are satisfied after that point? Because, as this Court explained in the Meyer decision, Your Honor, the trigger for jurisdiction is whether a plaintiff has pleaded allegations that set forth a cause of action. And so the failure of proof portion of it, as is noted in the footnote of Meyer, doesn't come into play until there's actually fact-finding being done by the Court. Why was the decision here, in essence, a 12B6 decision? Well, for several reasons. First, Your Honor, is that the government itself moved under 12B1 and 12B6. And the reason is that the Court specifically held it was dismissing the case under Rule 12B1 or alternatively for failure to state a claim under Rule 12B6. What is the breakdown of the circuits on the question that you would like us to decide? Yes, Your Honor. So there is only the Ninth Circuit has adopted this same claims argument. But that argument is also consistent with this Court's decisions in Will and Simmons. And as we point out in the brief, none of the other courts of appeals, which all have somewhat different analyses of how they get there, actually address the common law aspects of Section 2676. And most of them simply rely on the Manning decision from the Seventh Circuit. In light of those, what is it, six circuits that have decided the issue the other way, do you still think the question is so clear that we should decide it, even though it was not the question that we were asked to decide in this case? Yes, Your Honor, it is that clear. I think the language of Section 2676 and the common law concepts that it incorporates make it very clear. And so the government has essentially come up with its using of the judgment bar in this way in the last couple decades. It's not as if this has been the case since 1946. And so I think this Court's involvement would be very helpful on this issue. Thank you. Justice Sotomayor? Counsel, I want to separate out the two arguments. The jurisdictional argument, which was the government's, which was the Sixth Circuit's conclusion and the basis of most of the government's argument. Your alternative argument I call the same case argument. Justice Kavanaugh asked this question earlier, and I pose the same one. Given that it is one circuit against others, has there been sufficient percolation before the court below the Sixth Circuit for us to jump in and decide this question now? Yes, Your Honor. As a matter of policy, why should we do that? Meaning it's up to us to decide whether to take, to address a ground not decided upon by the court below. Yes, Your Honor. So although the Sixth Circuit decision below didn't address this issue, the Sixth Circuit has addressed this issue, and I'll concede that it came out on the other side of it. But the reason that this court should address this issue from a policy standpoint is exactly the reasons that this court explained the judgment bar shouldn't operate in the Simmons decision, which is if this court doesn't draw the line on claims in the same action, the result of a decision in favor of the government will be an enormous increase in litigation, and because the government has adopted this peculiar election of remedies that's not really an election of remedies, that litigation will be infinitely more complex, and plaintiffs will be obligated to make it complex to ensure that the FTCA portion or separate action never gets... Counsel, I do have some practical difficulties with the government's position on the same action, meaning that what the government is encouraging plaintiffs to do is to file their Bivens claims first, win or lose, then file their FTCA claims, and hope that they've won and that we don't put a bar in like the one that Justice Kagan referred to earlier. That seems somewhat time-consuming. It also makes a difference whether a district court decides whether it's going to decide the Bivens claims first and just say, I don't need to decide the FTCA claims, or try both claims together, win both, give judgment on both, and then go on appeal. There seems variations that are very inefficient. Am I right about that? Yes, Your Honor. In fact, every variation is very inefficient because, as Your Honor's question indicates, there's no way from an ex-post position for a plaintiff to know what it should do to ensure that it can litigate these claims in parallel, even though Congress and this court have both said they can be litigated in parallel. And that's the answer to Justice Breyer, isn't it? That Congress in both the FTCA and in Westfall have agreed that Bivens claims can and should be brought, correct? Yes, Your Honor, that's exactly correct. Unless there's been a bar of a judgment previously. That's correct. Justice Kagan? Yes, Mr. Giacomo, just to continue in this same vein. I mean, what the government is saying about this provision makes sense in a way. I mean, the government is saying this reflects a broad remedial compromise. Plaintiffs can sue the United States, but in exchange for that, they give up certain remedies against federal employees, and that that's the way we should read the provision. And you can well imagine how Congress might have thought that that would be a good thing to do. So why shouldn't we read the provision that way? Yes, Your Honor, I don't dispute that you could make a policy argument for why the Congress should create an exclusive or an election of remedies. But the reason this court shouldn't read it that way is because Congress has not done so, and it's explicitly carved out the ability of plaintiffs to bring under the Westfall Act an FTCA claim and a Bivens claim. And even before then, since 1952 in the Brooks case, this court decided it has said there is not an election of remedies in the FTCA, and it's continued to say that every time it's had the opportunity over the last 70 years. And if you were just to look at the language of the provision, what would you say about the language of the provision with respect to this question? Yes, Your Honor. So this gets us back to the distinction between an action and any action. And it's simply a situation where someone has a coupon to go to a grocery store that says, if you buy a case of pop or soda, as people might call it, you get any case free. Of course, a reasonable person would not understand that coupon to mean the first case was free. You have to buy the first case. The government is in this situation asking the court to say that coupon applies to the first case of soda, or in this instance, the first and only action that's ever been brought. If I understood Mr. Houston's argument, it was that, you know, you might think that we're taking the word action and making it mean claim. And in fact, you might think that the two words are different. But in fact, they're not. Because Mr. Houston said an action is just a demand for relief in court when this statute was written. So why isn't that true? Yes, Your Honor, because the definition that my friend relies on is definitely well outside the mainstream. In the CalPERS decision, which is actually cited in Public Citizen's textual analysis amicus brief, this court clearly delineated between actions and claims, and it did so by citing 1933's Black Law Dictionary, which says that the concept of an action is, if not entirely, almost entirely synonymous with a suit. And so there's no way to split that hair, especially in light of the fact that, as I believe you pointed out earlier, Your Honor, Section 2672, which is the release bar, refers to complete release of any claim. So Congress knew how to distinguish between these concepts. It chose not to in the judgment bar because it was adopting res judicata. Thank you, Mr. Giacomo. Justice Gorsuch? Good morning, counsel. I'd like to just return to the, I guess, your alternative argument, the same action simultaneously pending position. What do we do about the fact that your client chose not to pursue his FDCA claim on appeal? And so the judgment there would seem to be in an action, and it's final. There doesn't appear to be any simultaneously pending action under the FDCA at this point. Yes, Your Honor. So the distinction is still the concept of actions versus claims. So even with an action that has multiple claims, the failure of one claim or the waiver of that claim doesn't assume the other claims that we cite on page 26 of our brief. The statement from Wright and Miller, which says, Claim preclusion is not appropriate within a single lawsuit so long as it continues to be managed as a single action. So we just go back to the question whether any means any judgment in an action, which seems to contemplate the possibility of multiple judgments. No, Your Honor. Actually, the language of Section 2676 says the judgment in an action, which is the definite article requires that there can only be a single judgment in an action. That judgment necessarily must deal with all the claims in the action. So you can't have the judgment in an action and there still be any action left to apply the preclusive bar to. What about the any action by the claimant language? Yes, Your Honor. This just goes back to the linguistic distinction between an action and any action. And I'll also point out that a number of courts before the enactment of the judgment bar had used the phrase complete bar to any action to mean raise judicata. But even if that weren't the case, at the time the judgment bar was enacted, Congress understood that for jurisdictional reasons, a party could not sue the United States as a codependent with its employees. So the need for something like separate or subsequent. I guess what I'm trying to get at is we have the judgment in an action under the FTCA, and that would seem to bar any other action like Bivens later. And your way around that is to say that they're simultaneously pending. But the judgment under the FTCA seems to be final in this case. No, Your Honor. The judgment in an action is not final because that action is, in this case, directly on appeal. Okay. Thank you, counsel. Thank you. Justice Kavanaugh? Thank you. Good afternoon, Mr. Giacomo. I want to raise the point that's bothering me about what we should decide. And I don't blame you for raising the alternative argument. I understand that. You're trying to win the case. But I'm trying to think about why we should consider it. We obviously discuss very carefully our decisions to grant certiorari on particular cases and particular issues within that case. And we don't usually decide things that weren't decided by the court below. And there are exceptions to that, and no doubt about that. But I don't think this is embedded within, in the way you said. And sometimes we'll do it if it's really, really simple, and it will be helpful just to go ahead and resolve it. But I'm not sure this qualifies as really simple either because we get to the merits, at least not very simple in your direction, because we get to the merits of that alternative argument, every court of appeals save one is ruled against you, and the text says any action, not any subsequent action. You have forceful arguments in response to that. But I guess I'm just back at why should we consider that issue at this time in this case, given the way it was developed in the Sixth Circuit? Yes, Your Honor. So as I mentioned earlier, there's no question that the Sixth Circuit didn't predicate its decision on this point, but it was raised in the Sixth Circuit. And in the Simmons case, this court actually decided the FTCA decision on a separate grounds than the one that the Sixth Circuit had used below. So here I think the existence of the other circuit court decisions, which as I mentioned, although they somehow agree on this same claims point, they do so in very different ways, illustrates that there's an enormous amount of confusion that this court could very simply clear up and do so consistent with its decision in Simmons and Will, which is focused on stating that the purpose of the judgment bar is to prevent duplicative litigation, as this court said in Will, multiple suits. Can I just stop you there? You said the other courts of appeals have ruled against your position on this issue in many different ways, and I don't see how that makes it easier to clear that up. That just means there are lots of routes that courts of appeals have thought that lead to the opposite result from what you're suggesting here. That would seem to make it harder, not easier, for us to just, in your words, I don't know if you used this phrase, but to clean it up or clear it up, as you said. Yes, Your Honor. I do think the one thing that animates all of those decisions is why this court should weigh in, which is that all of those decisions repudiate or simply ignore the fact that Section 2676 incorporates res judicata, which has as its central premise the concept that you can't be barring claims brought together in one lawsuit. Well, that just goes back to the any action versus any subsequent action argument of the government, which I understand your point on that. My time's up. Thank you very much. Justice Barrett? Counsel, I want to make sure that I understand your position on the nature of this judgment and whether it's on the merits or can be a bar. Is it your position, and I thought I heard you say this earlier, maybe it was in response to the Chief Justice, that a judgment only functions as a bar if it's entered after trial? Yes, Your Honor. That's one of the lines that we draw. There are three. Simply put, in this case, because the government requested and received a 12B1 dismissal, the court doesn't even need to reach that. But what about if it's a summary judgment? Didn't the government also in this case request summary judgment in the alternative? I thought they had said 12B1, 12B6 or summary judgment. Yes, Your Honor. They did request it in the alternative, but the district court didn't grant that, and all through the Sixth Circuit the government continuously said it only moved under Rule 12, and it's only been at the merit stage that they've now said it was actually a Rule 56 summary judgment decision. Okay. So what if they had won summary judgment? In your view then, is that a judgment that even if the United States wins can then be a bar? I think it depends, Your Honor. I think because the court is required to assess its own jurisdiction, that a court necessarily has to decide, certainly in a situation where a party has raised these alternative avenues for relief. No, no, no. Just answer the question. So it's summary judgment, and the United States, I just don't understand how that's not then on the merit. Yes, Your Honor. It simply depends on whether there has been actual fact-finding or not, and the reason that the on the merits portion is a little obscure is because, as I mentioned in the government agrees, the language of Section 1346B entwines merits, jurisdiction, and sovereign immunity. Okay. Let me ask you a question about this second alternative argument that you've made. Let's say that you bring a Bivens claim first, and you lose, and then you bring an FTCA claim against the United States. Can the United States then, just under regular common law preclusion, assert defensive issue preclusion against you? No, Your Honor. I don't think that it can because, as the professor's amicus brief points out, there's a different primary right at stake, and so if simple preclusion was being applied, a Bivens claim before an FTCA claim would not have a preclusive bar. But issue preclusion just requires identity of issues, right? Yes, of course. We're talking about claim preclusion, but if we were talking about issue. But I asked about issue. If we were talking about issue preclusion, Your Honor, yes. There would be certain issues that could be carried over from the Bivens claim to the FTCA claim, but if you look at a case like this, the FTCA claim was decided on grounds of government immunity that wouldn't apply to a Bivens claim, so it depends on how the Bivens claim is decided if you're looking at issue preclusion. Okay. Thank you. Mr. Giacomo, you can take a couple of minutes to wrap up. Yes, Your Honor. Embedded in Congress's enactment of the FTCA and its judgment bar is a very simple common law doctrine that has been with litigants since the beginning of this country, which is the concept of res judicata. The primary basis for res judicata is that it only applies to separate lawsuits. This court has said so on many occasions, and that it only applies once a judgment has been entered on the merits by a court with jurisdiction. So as I mentioned, we raised this issue of duplicative litigation in the Sixth Circuit. The government has addressed it in its brief. It's fully briefed. There's no reason that this court shouldn't honor the language that Congress enacted by addressing this claim issue. And even in the alternative, the independent ground here also justifies this court affirming the Sixth Circuit because the government moved for and received a dismissal on the basis of jurisdiction. It should not now be allowed to come to this court and say, jurisdiction and merits are the same and merits should therefore prevail because as Wright and Miller and the first restatement and many other places have said, any time jurisdictions entwined with merits, jurisdiction controls, not merits. And if it was the other way around, the court would be able to reach beyond its actual authority granted by Congress. So for these reasons, this court should affirm the Sixth Circuit and allow James King to continue taking his first and only bite at the apple in this lawsuit. Thank you, Counsel. Mr. Houston, three minutes for rebuttal. Thank you, Mr. Chief Justice. Regarding the question presented, the judgment bar is triggered by the judgment in an action under Section 1346B. Respondent created just such an action by pleading a demand for relief, alleging the elements of Section 1346B, and the district court indisputably entered judgment. The Sixth Circuit explained at Petition Appendix 1A, Note 1, why the district court's judgment is best understood as a summary judgment in favor of the government because both parties submitted a body of extensive evidentiary exhibits in support of the motion. But even if the court concluded that the judgment was best understood as a dismissal for failure to state a claim, it makes no difference because it's still the judgment in an action under Section 1346B, as Meyer explained. And this court's canonical decision in Belle v. Hood makes clear that a dismissal for failure to state a claim for relief is a decision on the merits, and therefore preclusive. The surest way to know Respondent's main argument on the question presented is incorrect is that it forces my friend into the extraordinary conclusion that the judgment bar is not triggered by a judgment in favor of the United States on the FPCA action. Simmons squarely foreclosed that, and the plain text refutes it. Now, regarding my friend's fallback argument, I think as the court has recognized this morning, it certainly has discretion not to consider that argument in this case, and that's the most appropriate disposition because the alternative question simply isn't cert-worthy. There's no significant disagreement about the circuits on it. The only circuit that has even come close to saying something like that argument is the Ninth, and that's the basis of its reasoning was abrogated by Simmons. The court should not leave in place the Sixth Circuit's rather obvious mistaken interpretation of the judgment bar and instead decide the case in favor of Respondent on an alternative ground that no other court has accepted. If the court were inclined to reach the alternative question, we think the text is unambiguous in our favor. Congress would have looked at a lawsuit like this one and said Respondent has an action under Section 1346B and an action under Bidens, and he has joined them together in a single lawsuit, but there is simply no way to read the phrase complete bar to any action to actually mean that Respondent is precluded only from bringing a subsequent action when that is exactly the common law rule that Congress expressly changed. In the 70 years since the judgment bar was enacted, the courts of appeals have overwhelmingly rejected this argument, and that's because, as Justice Breyer recognized, it directly conflicts with Congress's purpose. Congress's rule that Respondent advocates would permit a plaintiff to sue the United States and win and then continue pursuing individual government employees for additional relief just because he brought his two actions together in the same lawsuit, that is exactly the result that Congress created the judgment bar to prevent, as this court explained in Gilman. For all those reasons, the judgment should be reversed. Thank you. Thank you, Counsel. The case is submitted.